MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone:  (520) 624-8886
Fax:     (520) 798-1037
Email: dclark@mcrazlaw.com

By:     Douglas H. Clark, Jr., SB# 1942
          73057-2/lca

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| KAREN PARSONS and CLAY PARSONS,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK SPORT AND ENTERTAINMENT SERVICES, LLC., dba LAKE POWELL RESORTS AND MARINAS ("ARAMARK")<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>**(Maritime Negligent Training)**<br><br>**Jury Trial Demanded** |

Plaintiffs Karen Parsons ("Karen") and Clay Parsons ("Clay"), for their claim for relief against Defendants Aramark Sport and Entertainment Services, LLC, dba Lake Powell Resorts and Marinas ("Aramark") allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Karen and Clay are husband and wife.

2. Karen and Clay lived in Pima County, Arizona on the date of the incident at issue and still reside in Pima County, Arizona.

3. This is a personal injury claim brought on behalf of the Parsons which occurred upon the navigable waters of the United States of America, on Lake Powell, which is within the territory of the State of Arizona.

4. Defendant Aramark is a Delaware limited liability corporation licensed and doing business in Arizona.

5. Defendant Aramark, as part of its business, rents houseboats on Lake Powell and is the exclusive concessionaire for the National Park Service on Lake Powell.

6. Jane Doe, whose true name is not now known, was at all times herein an employee of Defendant Aramark on the date of the incident at issue.

7. At the time of the incident at issue, employee Jane Doe was acting within the course and scope of her employment with Defendant Aramark and performing her assigned duties checking in rental houseboats.

8. At all times mentioned herein, Defendant Aramark employed Jane Doe.

9. Defendant Aramark is vicariously responsible for any negligent acts of its employees acting within the course and scope of their employment with Defendant Aramark, which in this case includes Jane Doe.

10. All material actions leading to this claim occurred in Coconino County, Arizona.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

12. Based upon the foregoing, this Court has Admiralty subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1333(1) and Article III, Section 2 of the United States Constitution.

13. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

14. This claim is timely pursuant to 46 U.S.C. § 30106 imposing a three-year statute of limitations on claims arising from a maritime tort.

## GENERAL ALLEGATIONS

15. On June 28, 2020 through July 2, 2020, Karen and Clay and their friends rented a houseboat from Defendant Aramark at the Lake Powell boat rental dock on the of Lake Powell in Coconino County, Arizona.

16. On July 2, 2020, Karen and Clay and their friends and family were in the process of returning the houseboat rented from Defendant Aramark at the Lake Powell boat rental dock in Coconino County, Arizona

17. At the time, Defendant Jane Doe, acting within the course and scope of her employment with Aramark, boarded the boat while the boat renters, including Karen, were unloading their possessions.

18. Defendant Jane Doe, acting contrary to reasonable practice and contrary to the policies of Defendant Aramark, opened a floor hatch located in the middle of the bow area without notifying any of the other people on board the boat.

19. Such opening of the hatch created a dangerous and unknown condition for the other people on board the boat, including Karen, who had her back turned to the hold at the time the hatch was open.

20. Karen, unaware of the change in condition of the hold area as a result of Jane Doe opening the hatch, fell into the hold.

21. As a direct result of Jane Doe's negligence in the course and scope of her employment with Defendant Aramark, Karen has suffered a fifth metatarsal avulsion fracture and foot sprain.

22. Karen was then transported to medical care by her husband.

23. Karen's injury, pain and distress is ongoing and is likely to be permanent.

## COUNT ONE

### (Maritime Negligence)

24. Plaintiffs re-allege and incorporate all above paragraphs by reference herein as if fully alleged and further allege:

25. Jane Doe had a duty to exercise reasonable care under the circumstances.

26. Jane Doe breached her duty by negligently opening a floor hatch in a high traffic area while renters were still moving about the vessel in the process of deboarding without notifying the other individuals on board.

27. The above alleged negligence caused the Parsons to suffer the injuries as alleged herein.

28. As a direct and proximate result of the negligence of Defendants, Plaintiffs have suffered personal injuries—some of which may be permanent in nature—and have incurred pain, suffering, anxiety, humiliation, inconvenience. Further, Plaintiffs have incurred medical and related expenses, and will continue to incur such expenses for the foreseeable future.

## COUNT TWO

### (Negligent Training)

29. Plaintiffs re-allege and incorporate all above paragraphs by reference herein as if fully alleged and further allege:

30. It is believed and therefore alleged that Jane Doe was a new employee of Aramark and was not properly trained and Aramark was negligent in not providing proper training to Jane Doe.

31. Jane Doe breached her duty by negligently opening a floor hatch in a high traffic area while renters were still moving about the vessel in the process of deboarding without notifying the other individuals on board.

32. The above alleged negligence caused the Parsons to suffer the injuries as alleged herein.

**WHEREFORE**, Plaintiffs ask for a jury trial and thereafter for this Court to enter judgment in their favor and against the Defendant as follows:

    a.    For general damages for permanent injuries including, but not limited to, physical and emotional pain and suffering in an amount to be determined at jury trial;

    b.    For special damages including, but not limited to, medical expenses incurred and reasonably necessary in the future in an amount to be determined at jury trial;

    c.    For attorney's fees and costs of suit incurred; and

    d.    For such other and further relief as the court deems just and proper.

Dated: March 15, 2022                           MESCH CLARK ROTHSCHILD

                                                         By:   *Douglas H. Clark, Jr.*
                                                                Douglas H. Clark, Jr.
                                                                *Attorneys for Plaintiffs*

2929892